IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| DANIEL F. BROOKS, | ) | Cause No. CV 10-53-M-DWM-JCL |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) | |
| Respondents. | ) | |

On May 19, 2010, Petitioner Daniel Brooks moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Brooks is a state prisoner proceeding pro se.

On May 26, 2010, Brooks was ordered to show cause why his petition should not be dismissed with prejudice as time-barred or procedurally barred. He requested and was granted an extension of time to respond. A deadline was set for July 12, 2010. Brooks failed to respond.

1

# I. Background

On July 22, 2004, Brooks was sentenced to serve five years in the custody of the Department of Corrections, based on his guilty plea to attempted assault with a weapon. Judgment (doc. 1-1) at 1-2, State v. Brooks, No. DC-03-047(A) (Mont. 7th Jud. Dist. July 22, 2004). He was required to register as a violent offender. Id. at 7 ¶ 20. For reasons not disclosed in the documents before the Court, Brooks was represented by counsel at his change of plea hearing but appeared pro se at his sentencing. Id. at 1.

Brooks now contends that his sentence should be vacated and he should not have to register as a violent offender. Pet. (doc. 1) at 6 ¶ 18. He asserts that he was "lured" into pleading no contest without being warned that he would be required to register as a violent offender and that the absence of counsel at sentencing violated his rights under the Fourteenth Amendment. Id. at 4 ¶¶ 15A-B, 7.

# II. Analysis

Brooks's petition is barred by the one-year federal statute of limitations and by the doctrine of procedural default.

**A. Time Bar**

### 1. Application of the Federal Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. Brooks's claims go to the terms of his sentence as originally imposed. Therefore, the limitations period began to run on the date Brooks's conviction became "final" in state court. Id. § 2244(d)(1)(A).

Under state law, Brooks had sixty days to file a notice of appeal from the trial court's entry of judgment on July 22, 2004. Mont. R. App. P. 4(5)(b)(i). Because he did not do so, his conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1)(A), sixty days after the entry of judgment, or on September 20, 2004. Therefore, Brooks was required to file a petition for a writ of habeas corpus in this Court on or before September 20, 2005. He did not file his petition until May 17, 2010, Pet. at 8, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988), four and a half years too late.

### 2. Statutory Tolling

The one-year period for filing in federal court for a writ of habeas corpus is suspended while the petitioner has an action pending in state court. 28 U.S.C. § 2244(d)(2). However, Brooks did not file a habeas petition in the Montana Supreme Court until November 16, 2009. Brooks v. Mahoney, No. OP 09-0623 (Mont. filed Nov. 16, 2009). Therefore, the federal statute of limitations expired more than four years before any time was tolled under § 2244(d)(2).

3

### 3. Equitable Tolling

Despite an opportunity, Brooks has not shown that he pursued his rights diligently, but some extraordinary circumstance stood in his way. Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010); Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc).

### 4. Conclusion

Brooks's petition is time-barred. It should be dismissed with prejudice.

### B. Procedural Bar

The doctrine of procedural default also bars Brooks's petition.

### 1. Proceedings in State Court

Generally, habeas petitioners must fairly present their federal claims in the state courts before filing in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982).

Brooks attempted to comply with this requirement by petitioning the Montana Supreme Court for a writ of habeas corpus. Pet. at 1-3 (doc. 1-2), Brooks v. Mahoney, No. OP 09-0623 (Mont. filed Nov. 16, 2009). He also specifically relied on federal law. Id. at 2 (citing Strickland v. Washington, 466 U.S. 668 (1984)).

4

However, the Montana Supreme Court held that Brooks's claims were barred by Mont. Code Ann. § 46-22-101(2) (1991). The statute provides that "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." The court noted that the claims could have been raised in a petition for postconviction relief. Order at 2, Brooks, No. OP 09-0623 (Mont. filed Dec. 23, 2009).

### 2. Procedural Default

Brooks was advised that Mont. Code Ann. § 46-22-101(2) has been firmly established for nearly twenty years, and its application in his case was independent of federal law. Order to Show Cause (doc. 6) at 6 (citing Ake v. Oklahoma, 470 U.S. 68, 74-75 (1985), and Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005)). Despite an opportunity, he failed to correct this analysis. Therefore, his federal petition is subject to dismissal for procedural default.

### 3. Excuse for Procedural Default

Again, despite an opportunity, Brooks failed to show either cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Order to Show Cause at 6-8.

### 4. Conclusion

The petition is procedurally barred without excuse. It should be dismissed with prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

If Brooks was deprived of counsel at sentencing, he has made a substantial showing of the denial of a constitutional right. But sentencing occurred on July 22, 2004, and Brooks did not raise the error in any court until November 16, 2009. At that time, he filed a petition for writ of habeas corpus in the Montana Supreme Court. A writ of habeas corpus is not available under state law to challenge the validity of a conviction or sentence unless the sentence is illegal on its face. Brooks did not file his federal petition until May 17, 2010. He procedurally defaulted his claim in the state courts and has not excused his default. When he was given an opportunity to

6

show cause why his petition should not be dismissed, he failed to respond at all.  A reasonable jurist could not find any basis to proceed.  The petition is plainly time-barred and procedurally barred.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as both time-barred and procedurally barred.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or

waive the right to appeal.

<u>Brooks must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>13th</u> day of August, 2010.

                                     <u>/s/ Jeremiah C. Lynch</u>
                                     Jeremiah C. Lynch
                                     United States Magistrate Judge